UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW JAMES LINDSAY, ESQ., | ) |
| | ) CASE NO. C17-0354 RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DENYING MOTION TO |
| | ) APPOINT COUNSEL AND ORDER TO |
| KEY BANK NATIONAL | ) SHOW CAUSE |
| ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. #2. Plaintiff states that he has contacted several attorneys about this case, but they are either not interested or have informed him that it "is too late to take action." *Id.* Plaintiff has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was filed on March 13, 2017. Two of the named Defendants have appeared. Dkts. #6 and #7.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where

ORDER
PAGE - 1

the litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

At this early stage of the litigation, the Court cannot find that Plaintiff is entitled to appointment of counsel. It does not yet appear that any exceptional circumstances exist, and there is no record before the Court that would allow the Court to adequately examine whether Plaintiff's claims appear to have merit.[1]

In addition, the Court questions its jurisdiction over the instant matter. Plaintiff's claims appear to arise out of the appointment of a non-familial personal representative in a Pierce County probate action. *See* Dkt. #5. Plaintiff alleges that a personal representative was appointed for his grandfather's Estate, without notice to his mother, his brother, or himself, all of whom he alleges are the rightful heirs of the estate. *Id.* He further alleges that the personal representative took advantage of the fact that his mother suffers from brain damage, and coerced her into signing paperwork that ultimately resulted in negative financial consequences. *Id.* He alleges numerous violations of the Revised Code of Washington, as well as of Washington State court rules and the Washington State Rules of Professional Conduct. He appears to seek an Order allowing him to intervene in the state court probate proceedings where he wants to vacate several court orders in that matter and to petition for a new personal representative. *Id.*

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor*

---

[1] The Court also notes that while Plaintiff utilizes the title "Esquire" in his name, which is often used to denote a person's status as an attorney, the Court has no indication that Plaintiff is actually an attorney, and he has not signed his pleadings with any indication that he is a member of any state or federal bar association.

ORDER
PAGE - 2

*Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In this case, it is unclear how federal jurisdiction arises in this matter or why this Court has the authority to provide any remedy to Plaintiff. Plaintiff asserts jurisdiction under 28 U.S.C. § 1655. However, that statute pertains to absentee Defendants in federal lien enforcement actions. Nothing in the Complaint demonstrates how that statute is applicable to the instant matter. Likewise, this Court has no authority to interfere with state court probate proceedings, and Plaintiff offers no legal authority to the contrary.

Accordingly, the Court hereby finds and ORDERS:

1. Plaintiff's Motion to Appoint Counsel (Dkt. #2) is DENIED.
2. Plaintiff shall SHOW CAUSE no later than **April 21, 2017,** why this case should not be dismissed for lack of subject matter jurisdiction.

DATED this 30th day of March, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3