UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW JAMES LINDSAY, ESQ., | CASE NO. C17-0354 RSM |
| Plaintiff, | |
| v. | ORDER FOR CLARIFICATION AND ORDER TO SHOW CAUSE TO DEFENDANTS |
| KEY BANK NATIONAL ASSOCIATION, *et al.*, | |
| Defendants. | |

The Complaint in this matter was filed on March 13, 2017. Dkt. #5. Plaintiff is proceeding *pro se*, and it appears that all but one of the named Defendants have appeared. Dkts. #6, #7 and #10.

On March 30, 2017, this Court directed Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. Dkt. #8. The Court noted that Plaintiff's claims appear to arise out of the appointment of a non-familial personal representative in a Pierce County probate action. *See* Dkt. #5. Plaintiff alleges that a personal representative was appointed for his grandfather's Estate, without notice to his mother, his brother, or himself, all of whom he alleges are the rightful heirs of the estate. *Id.* He further alleges that the personal representative took advantage of the fact that his mother suffers from brain damage, and coerced her into signing paperwork that ultimately resulted in negative financial consequences. *Id.* He alleges numerous violations of the Revised Code of

ORDER
PAGE - 1

Washington, as well as of Washington State court rules and the Washington State Rules of Professional Conduct. He appears to seek an Order allowing him to intervene in the state court probate proceedings where he wants to vacate several court orders in that matter and to petition for a new personal representative. *Id.*

Plaintiff has since responded to the Court's Show Cause Order. Dkt. #9. With respect to jurisdiction, Plaintiff makes several arguments. First, he states:

> The plaintiff notes the court may have to sever one, or more of the defendants for jurisdictional purposes.
>
> The plaintiff requests that the defendant, Arlen Bobb and Attorneys for the Personal Representative, Turnbull and Born, P.L.L.C. be severed from this lawsuit to satisfy "Complete Diversity" requirements.

Dkt. #9 at 2-3.

With respect to probate matters, Plaintiff points to the U.S. Supreme Court case of *Marshall v. Marshall*, 547 U.S. 293, 126 S. Ct. 1735 (2006), wherein the Court defined the scope of the probate exception to jurisdiction. Dkt. #9 at 6. He appears to assert that his claims are also outside of the Court's probate exception, and therefore jurisdiction in this Court is appropriate. *Id.*

Having reviewed the response filed by Plaintiff, and the majority of Defendants having now appeared in this action, the Court hereby ORDERS:

1. Plaintiff shall clarify no later than **May 19, 2017,** whether he seeks to voluntarily dismiss Arlen Bobb and Attorneys for the Personal Representative, Turnbull and Born, P.L.L.C., as Defendants to this action. If the answer is in the affirmative, he may accomplish such dismissal by filing a Notice of Voluntary Dismissal with this Court.

ORDER
PAGE - 2

2. Defendants SHALL SHOW CAUSE no later than **May 19, 2017,** why this matter should not proceed in this Court.

DATED this 28th day of April 2017.

                                                         RICARDO S. MARTINEZ
                                                         CHIEF UNITED STATES DISTRICT JUDGE