UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW JAMES LINDSAY, ESQ., )
                                              ) CASE NO. C17-0354 RSM
        Plaintiff, )
                                              )
     v. ) ORDER OF DISMISSAL
                                              )
KEY BANK NATIONAL )
ASSOCIATION, *et al.*, )
                                              )
       Defendants. )

       The Complaint in this matter was filed on March 13, 2017. Dkt. #5. Plaintiff is proceeding *pro se*, and all but one of the named Defendants have appeared. Dkts. #6, #7 and #10.

       On March 30, 2017, this Court directed Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. Dkt. #8. The Court noted that Plaintiff's claims appear to arise out of the appointment of a non-familial personal representative in a Pierce County probate action. *See* Dkt. #5. Plaintiff alleges that a personal representative was appointed for his grandfather's Estate, without notice to his mother, his brother, or himself, all of whom he alleges are the rightful heirs of the estate. *Id.* He further alleges that the personal representative took advantage of the fact that his mother suffers from brain damage, and coerced her into signing paperwork that ultimately resulted in negative financial consequences. *Id.* He alleges numerous violations of the Revised Code of

ORDER
PAGE - 1

Washington, as well as of Washington State court rules and the Washington State Rules of Professional Conduct. He appears to seek an Order allowing him to intervene in the state court probate proceedings where he wants to vacate several court orders in that matter and to petition for a new personal representative. *Id.*

Plaintiff subsequently responded to the Court's Show Cause Order. Dkt. #9. With respect to jurisdiction, Plaintiff made several arguments. First, he stated:

> The plaintiff notes the court may have to sever one, or more of the defendants for jurisdictional purposes.
>
> The plaintiff requests that the defendant, Arlen Bobb and Attorneys for the Personal Representative, Turnbull and Born, P.L.L.C. be severed from this lawsuit to satisfy "Complete Diversity" requirements.

Dkt. #9 at 2-3.

With respect to probate matters, Plaintiff pointed to the U.S. Supreme Court case of *Marshall v. Marshall*, 547 U.S. 293, 126 S. Ct. 1735 (2006), wherein the Court defined the scope of the probate exception to jurisdiction. Dkt. #9 at 6. He appeared to assert that his claims are also outside of the Court's probate exception, and therefore jurisdiction in this Court is appropriate. *Id.*

After reviewing the response filed by Plaintiff, the Court directed Plaintiff to clarify whether he seeks to voluntarily dismiss Arlene Bobb and Attorneys for the Personal Representative, Turnbull and Born, P.L.L.C., as Defendants to this action. Dkt. #11. The Court further directed Defendants to show cause why this matter should not proceed in this Court. *Id.*

On May 5, 2017, Defendant KeyBank National Association ("KeyBank") responded that there is no basis for federal jurisdiction in this matter. Dkt. #12. KeyBank noted that diversity jurisdiction is not supported on the face of the Complaint, there are no claims asserted

ORDER
PAGE - 2

against KeyBank in any event, and there appears no claim that is not barred by the probate exception to jurisdiction. *Id.*

On May 17, 2017, Plaintiff responded to the Court's Order for Clarification. Dkt. #13. Defendant clarified that he is not going to voluntarily dismiss Defendants Arlene Bobb and attorneys Turnbull and Born PLLC. *Id.* Plaintiff then appears to argue that this Court has both supplemental jurisdiction over state law claims and that his claims otherwise fall outside of the probate exception. *Id.* at 8-9. He also asserts that the property at issue in this matter is valued at an amount that exceeds $75,000, and therefore he meets the requisite amount in controversy. *Id.*

On May 19, 2017, Defendants Bobb and Turnbull and Born responded to the Court's Order. Dkt. #14. They essentially join in the response of KeyBank, and assert that this matter must be dismissed as to them. *Id.* The same day, Defendant Bank of America, N.A. also responded to the Court's Order. Dkt. #15. They concur with the arguments made by the other Defendants and also note that the Complaint is devoid of any claims or allegations against it. *Id.*

As this Court has previously noted, federal courts are courts of limited jurisdiction, and therefore Plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the

ORDER
PAGE - 3

action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, Plaintiff cannot establish diversity jurisdiction, particularly because he has refused to dismiss Defendants that are not diverse. Indeed, Plaintiff himself previously recognized that Defendants Bobb and Turnbull and Born reside in Washington, as does he, and therefore complete diversity does not exist. *See* Dkt. #9 at 2-3. Further, for the reasons stated by Defendants, the Court agrees that Plaintiff does not appear to have raised any ancillary probate claims that would be outside of the probate exception to federal jurisdiction. Dkts. #12 at 4-5, #14 at 1-2, and #15 at 2. While Plaintiff asserts that his claims are ancillary to the probate of his grandfather's estate, and therefore this Court has jurisdiction, he does not adequately explain why the claims are ancillary. As best as this Court can tell, his claims appear to arise out of the appointment of a non-familial personal representative in a Pierce County probate action and challenge certain actions taken by that representative, as described above. *See* Dkt. #5. He appears to seek an Order allowing him to intervene in the state court probate proceedings where he wants to vacate several court orders in that matter and to petition for a new personal representative. *Id.* Those claims are not ancillary to the probate proceedings – in other words, the claims are not independent from the probate proceeding itself.

Finally, Plaintiff appears to now assert that Defendant KeyBank and Bank of America breached their fiduciary duties in administering certain trust accounts. Dkt. #13 at 9-16. He appears to argue that these claims can be heard in this Court because the alleged trust accounts are insured by the Federal Deposit Insurance Corporation ("FDIC"), and Defendants' alleged actions have somehow violated the Federal Deposit Insurance Corporation Act. Dkt. #13 at 9.

ORDER
PAGE - 4

Not only has Plaintiff failed to make any such allegations in his Complaint, he still fails to identify any specific actions taken by either KeyBank or Bank of America that would give rise to any claims against them, or demonstrating any violations of a federal statute that would in turn provide federal question jurisdiction.

For all of these reasons, this case is now DISMISSED for lack of subject matter jurisdiction, and this matter is CLOSED.

DATED this 24th day of May 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE