UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW JAMES LINDSAY, ESQ., | ) |
| | ) CASE NO. C17-0354RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DENYING MOTION FOR |
| | ) RECONSIDERATION |
| KEY BANK NATIONAL | ) |
| ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration of this Court's prior Order dismissing his case. Dkt. #19. Relying on Federal Rule of Civil Procedure 54(b) and legal authority from the Second Circuit Court of Appeals and the Northern District of Illinois, Plaintiff appears to argue that this Court should revisit its earlier decision that the probate exception precludes jurisdiction in this Court over Plaintiff's claims. *Id.* For the reasons discussed below, the motion is DENIED.

"Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). In this case, Plaintiff fails to meet either showing.

ORDER
PAGE - 1

First, Plaintiff's reliance on Rule 54(b) is misplaced. That Rule applies to cases where there are multiple claims and/or parties and the Court has resolved only some of the claims, leaving others remaining to be litigated. Fed. R. Civ. Pro. In such cases, Rule 54(b) allows federal courts to enter partial judgment on the resolved claims, leaving the unresolved claims to proceed in litigation. Fed. R. Civ. Pro. 54(b). In this case, all claims have been resolved, and the case has been dismissed in its entirety. Dkts. #17 and #18. Thus, Rule 54(b) is inapplicable. In any event, Local Civil Rule 7(h) sets forth the applicable standard for motions for reconsideration in this Court.

Likewise, Plaintiff's reliance on an Order issued out of the Northern District of Illinois is also misplaced. Dkt. #19, Attachment (cited by Plaintiff as Exhibit 99). In that case, *Bleecker v. Krantz*, Case No. C05-7309RWG (N.D. Ill. Sept. 26, 2006), the plaintiff had filed a complaint seeking to remove the defendant as a trustee, to prohibit a relative or other insider friend of defendant from serving as his successor, and to appoint a neutral third party approved by the court as trustee. Dkt. #19, Attachment. The case had been brought in federal court under diversity jurisdiction, and the defendant had moved to dismiss for lack of jurisdiction based on the probate exception and based on the failure to meet the minimum amount in controversy. *Id.* The Court denied the motion to dismiss. With respect to the probate exception, the court found that because the plaintiff had made claims for breaches of fiduciary duty, the claims fell outside of the probate exception. *Id.* However, the court went on to explain that simply because the claims were outside the probate exception, the plaintiff was still required to establish diversity as a basis of jurisdiction. *Id.* The court then determined that diversity jurisdiction had been established, and denied the motion to dismiss. *Id.*

Setting aside the fact that the *Bleecker* case is not controlling authority in this District, and that Plaintiff has failed to demonstrate why that authority could not have been brought to the Court's attention earlier with reasonable diligence, the instant matter is distinguishable. Here, this Court found not only that Plaintiff's claims fell within the probate exception, but that Plaintiff failed to demonstrate diversity jurisdiction. Dkt. #17. Indeed, Plaintiff had specifically stated that he would not dismiss the non-diverse parties from the action. Dkts. #13 and #17 at 3. The Court also noted that Plaintiff had failed to adequately plead any breach of fiduciary duty claims. Dkt. #17 at 4-5.

Accordingly, the Court finds that Plaintiff presents no persuasive argument that this Court committed manifest error in its prior Order, nor any new facts or legal authority which could not have been brought to the Court's attention earlier without reasonable diligence. For these reasons, his motion for reconsideration (Dkt. #19) is DENIED.

DATED this 7 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE